THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re:** ) | |
| **John D. Thompson,** ) | |
| ) | **In Proceedings Under Chapter 13** |
| **Debtor.** ) | |
| ) | **Case No.: 13-41481** |
| **John D. Thompson,** ) | |
| ) | **Adversary No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Missouri Department of Revenue,** ) | |
| **By Wood Miller, in his capacity as** ) | |
| **Acting Director** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **and** ) | |
| **United States of America,** ) | |
| **United States Department of Treasury,** ) | |
| **By John Koskinen in his capacity as** ) | |
| **Commissioner, Internal Revenue Service,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ADVERSARY COMPLAINT TO DETERMINE
DISCHARGABILITY OF TAX LIABILITY**

COMES NOW Debtor, John D. Thompson, by and through his attorney of record and for his Complaint states as follows, to wit:

**JURISDICTION AND VENUE**

1. This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(6) brought pursuant to 11 U.S.C. § 505(a) and Bankruptcy Rules 4007(a), to determine the dischargeability of certain tax liabilities.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b) over which this Court has jurisdiction pursuant to 28 USC §§ 1334, 151 and 157.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This court has the authority to determine the amount or legality of any tax pursuant to 11 USC § 505 (a).

## PARTIES

5. Plaintiff, John Thompson, is the Debtor in the Case Number 13-41481 filed under Chapter 7 of the United States Bankruptcy Code and is a resident of the County of St. Charles, State of Missouri with an address of 5779 Summit Meadow Drive, St. Charles, MO 63103-2839.

6. Defendant, Missouri Department of Revenue, (hereinafter "MDOR") is Missouri's governmental agency charged with assessing and collecting taxes for the State of Missouri. The MDOR was scheduled as a creditor on Plaintiff's Schedule D.

7. Defendant, Internal Revenue Services is the largest bureau of the United States Department of Treasury (hereinafter "IRS") and is responsible for determining, assessing, and collecting taxes for the United States. The IRS was scheduled as a creditor on Plaintiff's Schedule D.

## FACTS COMMON TO ALL COUNTS

8. On February 27, 2013 ("hereinafter petition date"), Plaintiff filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

9. Robert J. Blackwell was the duly appointed trustee.

10. On July 8, 2013, Debtor's case was discharged and closed on July 27, 2015.

11. Debtor scheduled a liability to the Internal Revenue Service (hereinafter "IRS") for the 2007 and 2008 tax year in the estimated amount of $25,289.80.

12. Plaintiff scheduled a liability to the Missouri Department of Revenue (hereinafter "MDOR")

for the 2007 and 2008 tax years as unknown.

13. A pre-petition dispute arose between the Plaintiff and the IRS concerning certain deductions claimed by Plaintiff for the 2007 and 2008 tax reporting years.

14. On or about June 21, 2010, the IRS caused a Notice of Deficiency to be sent to the Plaintiff alleging there was a deficiency due for the 2007 and 2008 tax years.   EXHIBIT 1.

15. The Notice of Deficiency did not require the Plaintiff to file an amended return for either the 2007 or 2008 tax years, but did advise the Plaintiff of his right to file a petition with the Tax Court to contest the determination of liability by the IRS.

16. Plaintiff filed a petition with the Tax Court on September 24, 2010.   EXHIBIT 2.

17. Plaintiff, through counsel, entered into a Stipulation of Settled Issues with the IRS on October 23, 2012, 127 days prior to the petition date.   EXHIBIT 3.

18. Plaintiff's petition with the Tax Court and an open examination were pending on the petition date.

19. The tax for the 2007 and 2008 tax year, for purposes of the IRS, was assessable on the petition date but had not yet been assessed.

20. The Tax Court entered an Order on Plaintiff's petition on November 14, 2014, determining that the Plaintiff had a 2007 tax liability in the amount of $673.00 and 2008 tax liability in the amount of $13,453.00 together with an accuracy related penalty of $2,690.60. EXHIBIT 4.

21. The IRS completed its examination of the Debtor's 2007 and 2008 tax returns on or about December 29, 2014 and the examination was input on January 12, 2015.

22. On or about September 2, 2015, the IRS transmitted a copy of the results of the examination to the MDOR.   EXHIBIT 5.

23. As the result of the IRS examination the MDOR adjusted the Debtor's 2007 and 2008 tax

liabilities and is seeking to collect to collect $5,656.00 for 2007 and $5,223.40 for 2008, together with interest and penalties.

## COUNT I – DETERMINATION OF THE TAX LIABILITY OWED TO THE IRS

Comes Now Plaintiff and for Count I of his Complaint against the IRS states as follows:

24. Plaintiff hereby incorporates by reference all matters previously alleged herein.

25. Plaintiff was assessed an accuracy related penalty on the tax liability by the Tax Court in the amount of $2,690.60.

26. Defendant is seeking to collect the accuracy related penalty and interest thereon from Plaintiff.

27. To be excepted from discharge, a penalty must be non-pecuniary, relate to a tax that is expected from discharge and relate to an event occurring within three-years of the filing of the bankruptcy petition.  11 USC §523(a)(7).

28. The accuracy related penalty is non-pecuniary as defined in Exhibit 5.9.17-11 of the Internal Revenue Manual.

29. The accuracy related penalty relates to an event that occurred more than three years prior to the petition date as defined by Internal Revenue Manual, 5.9.17.7.

30. February 23, 2009, the date Plaintiff filed his 2008 tax returns is the date the accuracy related penalty was incurred which was more than three years prior to the petition date.

31. The accuracy related penalty does not meet the exception to discharge found in 11 USC §523(a)(7)(B) because it was non-pecuniary penalty the relates to an event that occurred greater than three years prior to the petition date.

32. Since the accuracy related penalty is not excepted from discharge any interest incurred thereon is likewise discharged.

WHEREFORE Plaintiff prays this Court enter an Order declaring that the accuracy related penalty and any interest incurred thereon was not excepted from discharge and for such other and further Order as this Court deems just and proper under the circumstances.

**COUNT II - DETERMINATION OF THE TAX LIABILITY OWED TO THE MDOR**

Comes Now Plaintiff and for Count II of his Complaint against the MDOR states as follows:

33. Plaintiff hereby incorporates by reference all matters previously alleged herein.

34. RSMo § 143.711 provides that the Director may assess a deficiency if the notice of deficiency is mailed to the taxpayer within three years after the return was filed.

35. Plaintiff's 2007 tax return was filed on February 11, 2008 and his 2008 tax return was filed on February 23, 2009.

36. The only exceptions to the three year statute of limitation prescribed in RSMo § 143.711 are:

  a) The three year statute of limitation is extended to six years if the tax payer underreports his adjusted gross income by more than 25%;

  b) If no return was filed or a false or fraudulent return is filed; or

  c) The taxpayer fails to comply with RSMo § 143.601 and report a change or correction in his federal returns.

37. The Plaintiff did not underreport his adjusted gross income by more than 25%.

38. The fact that the Tax Court did not require the Plaintiff to file amended returns or find the Plaintiff acted fraudulent or filed false returns for 2007 and 2008 tax years has preclusive effect upon this Court.

39. The fact that the IRS did not complete its examination until January 12, 2015 did not preclude the MDOR from performing its due diligence obligations or prevent the MDOR from

opening its own examination of the Plaintiff's 2007 and 2008 tax returns prior to the expiration of the statute of limitations established in RSMo § 143.711.

40. By the time the IRS completed its examination of the Plaintiff and assessed him with a deficiency for the 2007 and 2008 tax years the three year statute of limitations had already run under RSMo § 143.711, even taking into consideration any tolling that may have arguably occurred during the period of time the automatic stay was in effect, mooting any requirement that may have existed under RSMo § 143.601.

WHEREFORE Plaintiff prays this Court enter an Order declaring that the MDOR is precluded from assessing Plaintiff with any deficiency for the 2007 and 2008 tax year pursuant to RSMo § 143.711, that the MDOR be required to refund Plaintiff any sums seized for the purposes of paying the 2007 and 2008 tax liability and for such other and further Order as this Court deems just and proper under the circumstances.

/s/   Angela Redden-Jansen
Angela Redden-Jansen, #85064
Attorney for the Debtor
3350 Greenwood Blvd.
St. Louis, MO 63143
(314) 645-5900
(314) 645-5990(fax)

Service Addresses for Defendants:

United States of America,
United States Department of Treasury,
John Koskinen, Commissioner,
Internal Revenue Service,
1111 Constitution Ave., N.W.
Washington, D.C. 20224

Richard Callahan, U.S. Attorney
Eastern District of Missouri
c/o AUSA Joshua Jones
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102

U.S. Department of Justice in D.C.
950 Pennsylvania Avenue, NW
Washington, DC 20530

Missouri Department of Revenue
Wood Miller, Acting Director of Revenue
Room 670 Truman State Office Building
301 West High Street
Jefferson City, MO   65105

Sherry Morreau
General Counsel
Missouri Department of Revenue