IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN DAVID THOMPSON, ) | Case No.13-41481 |
| ) | |
| **Debtor.** ) | |
| _____ ) | |
| ) | |
| ) | Adversary No. 17-04024 |
| JOHN DAVID THOMPSON, ) | |
| ) | |
| **Plantiff,** ) | |
| vs. ) | |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| REVENUE ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT MISSOURI DEPARTMENT OF REVENUE'S**
**REPLY TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Missouri Department of Revenue (MDOR) files the following as its Reply to Plaintiff's Motion for Summary Judgment:

**Specific Statute Controls Over General Statute(s)**

Plaintiff states that the notices of deficiency for the 2007 and 2008 tax years were not served upon him within the statute of limitations provided in §143.711 RSMo and, therefore, were invalid resulting in the deficiencies being discharged in his bankruptcy. Plaintiff believes that §143.711.1 through §143.711.3 are the relevant statutes in determining the appropriate statute of limitations in this case. These statutes state the general rule regarding the statute of limitations on assessments by MDOR.

MDOR takes the position that §143.711.4, which deals specifically with situations involving a federal audit and the taxpayer not filing an amended return as a result of the federal audit as required under §143.601, is the relevant statute of limitations in this case. The law is well settled that when one statute addresses a matter generally and another statute addresses specific situations, that the specific statute controls. Resolution of the conflict is guided by deference to

the more specific of the two subdivisions. When the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general.  _Greenbriar Hills Country Club v. Director of Revenue, 935 S.W. 2d 36, 38 (Mo. Banc 1996).   Terminal R.R. Ass'n of St. Louis et al. v. City of Brentwood, 230 S.W. 2d 768, 769 (1950)._  It is a well established rule of statutory construction that specific designations will control over general terms. We have stated this rule as follows: "Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part the particular provisions must govern, unless the statute as a whole clearly shows the contrary intention and they must be given effect notwithstanding the general provision is broad enough to include the subject to which the particular provisions relate." _Jacoby v. Missouri Valley Drainage District, 349 Mo. 818, 163 S.W.2d 930, 938;_ see also _State ex rel. Garesche v. Roach, 258 Mo. 541, 167 S.W. 1008;_ State ex inf. _McKittrick v. Wilson, 350 Mo. 486, 166 S.W.2d 499, 143 A.L.R. 1465_.

§143.711.4 states that if a taxpayer fails to comply with the requirement of section §143.601 by not reporting a change or correction increasing his federal taxable income or by not filing an amended return, a notice of deficiency may be mailed to the taxpayer within one year after the director of revenue shall become aware of such determination.

### Plaintiff's Reading of §143.711 Renders §143.711.4 Meaningless

Plaintiff states that "Conspicuously absent from RSMo §143.711.4, is any language that extends the period of time prescribed in RSMo §143.711.4 if the change or increase in federal taxable income or a requirement to file an amended return occurs after the expiration of the three (3) year period."  MDOR contends that §143.711.4 specifically contemplates this extension of time by including language that the notice of deficiency must be mailed *within one year after the director shall become aware of a determination by the IRS that a change or increase in federal taxable income has occurred.*

Plaintiff proposes that any assessment must be made within the normal three year statute of limitations.  However, this renders the language of §143.711.4 superfluous.  There is no need for the language "*one year after the director shall become aware of a determination by the IRS*" if the assessment must be made within the normal three year statute of limitations.  "This result

would defy the norm of statutory construction that every word, clause, sentence, and provision of a statute must have effect. [We] presume that the legislature did not insert idle verbiage or superfluous language in a statute." *Civil Serv. Com'n of St. Louis v. Members of Bd. of Aldermen of St. Louis, 92 S.W.3d 785, 788 (Mo.2003) (en banc) (quotations omitted)*.  Plaintiff would have the court read the language of §143.711.4 as requiring the notice of deficiency be mailed within one year after the director shall become aware of such determination but in no event beyond the time limitations provided in §143.711.1 through §143.711.3.  The plain language of the statutes does not support this contention.

The first words of §143.711 state "**Except as otherwise provided in this section and section 143.721. . . "** (emphasis added).  §143.711.4 otherwise provides treatment for situations in which the taxpayer does not comply with the requirements of section §143.601.  It provides for one year from the time the director "**shall become aware of such determination**." (emphasis added).  Limiting the ability to assess under §143.711.4 to the time limitations provided in §143.711.1 through §143.711.3 would render §143.711.4 meaningless.  There is no need to state that "a notice of deficiency may be mailed to the taxpayer within one year after the director shall become aware of such determination" if the time limitations of the previous sections of §143.711 prevail.  The intent is clearly to provide the director a sufficient period of time to assess once he becomes aware of the change made by the Internal Revenue Service.

### *Campbell v. Director of Revenue*

Plaintiff cites *Campbell v. Director of Revenue,* 927 S.W. 3d 452, 455 (Mo. App. W.D., 1966) as support for his position.  MDOR contends that the holding in this case does not provide support for Plaintiff's argument and, in fact, supports MDOR's position instead.

The Court in *Campbell* states that §143.711.4 is the controlling statute of limitations when the taxpayer has not complied with the requirements of  §143.601.  The Court states that a notice of deficiency may be mailed to the taxpayer within one year after the Director of Revenue shall become aware of such determination by the IRS.  The Court goes on to state that "While this section provides the Director one year to give notice, it does not reduce the normal three year statute of limitations provided in section 143.711.1 that is otherwise applicable.  12 CSR 10-

2.105.  This section is to provide the Director additional time where the general statute of limitation has run or is about to run and a change has been made in the federal tax liability."

The issue in the *Campbell* case was whether the statute of limitations was controlled by §143.711.4 because the taxpayer had not complied with the requirements of §143.601 or the three year limitation period found in §143.711.1.  The Administrative Hearing Commission held that an amended return was filed by the taxpayer and that this resulted in a three year limitation period from the date of the filing of the amended return.  The Missouri Court of Appeals found that the AHC erred in determining that the statute of limitations was three years under §143.711.1 for two reasons.  First, the form provided by the taxpayers was not an amended return and secondly, even if it was an amended return, §143.711.1 only provides a limitation period for taxes associated with original returns.  The Court found that an amended return would not extend the statute.

The Court found that §143.711.4 was the correct statute of limitations and that the Director of Revenue was notified by the IRS of the changes to the federal return and additional federal assessments on March 11, 1991.  Under §143.711.4, the IRS notice would give the Director until March 12, 1992, one year after receiving notification, to send a notice of deficiency.  In the *Campbell* case, the Director issued a notice of deficiency on January 3, 1995 which was clearly outside the one year statute of limitations.  Therefore, the Court held against MDOR .

In the current case, MDOR sent Notices of Adjustment within 7 days after becoming aware of the federal changes to the 2007 and 2008 tax returns.  Notices of Deficiency were sent for both tax years in less than two months.  The assessments were well within one year of the time MDOR became aware of the changes to the federal return so it complied with the statute of limitations in §143.711.4.

### **Failure to Report a Change and File an Amended Return**

The pertinent language of §143.601 is as follows:

"If the amount of a taxpayer's federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, or as the result of a renegotiation of a contract or subcontract with

the United States, the taxpayer shall report such change or correction in federal taxable income within ninety days after the final determination of such change, correction, or renegotiation, or as otherwise required by the director of revenue. Each such report shall state whether and wherein the determination is believed to be erroneous. Any taxpayer filing an amended federal income tax return shall also file within ninety days thereafter an amended return under sections 143.011 to 143.996, and shall give such information as the director of revenue may require."

 MDOR contends that this language addresses two separate situations:

1) If the IRS changes or corrects the amount of a taxpayer's federal taxable income, the taxpayer shall report such change or correction in federal taxable income within ninety days after the final determination of such change, correction, or renegotiation, or as otherwise required by the director of revenue.

2) Any taxpayer filing an amended federal income tax return shall also file within ninety days an amended return under sections 143.011 and 143.996.

 Plaintiff states that he was not required to file an amended Missouri return because he was not required to file an amended federal return. There is nothing in Missouri's statutes that says Plaintiff was only required to file an amended Missouri return if he had to file an amended federal return.

 Plaintiff states that there is no provision in RSMo §143.711.1 that indicated a failure to comply with the requirements of §143.601 tolls or extends the three (3) year period. MDOR agrees that there is no provision in §143.711.1 that would extend the three (3 year) period to serve a notice of deficiency. However, the appropriate statute, §143.711.4 explicitly extends the statute of limitations until one year after MDOR became aware of the IRS determination.

Wherefore, Defendant MDOR asks the Court to deny Plaintiff's Motion for Summary Judgment and grant the Motion for Summary Judgment filed in this action and to determine that the income tax liabilities for the 2007 and 2008 tax years are not discharged and that MDOR issued timely assessments under Missouri law, and grant such other and further relief to which it may be entitled.

Respectfully submitted,

Josh Hawley, Attorney General
State of Missouri


 /s/ Sheryl L. Moreau
Sheryl L. Moreau, Mo. Bar # 34690
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO  65105-0475
(573) 751-5531  FAX (573) 751-7232
E-Mail:  Sherry.Moreau@dor.mo.gov
Attorney for Department of Revenue.


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Missouri Department of Revenue's Reply to Plaintiff's Motion for Summary Judgment was sent electronically through the Court's ECF system on June 19, 2017.

/s/Sheryl L. Moreau